United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YORDANIS GUZMAN-NARANJO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01110 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Yordanis Guzman-Naranjo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

Shortly before Petitioner filed this case, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 2

The petition and supporting documents reflect that Petitioner is a noncitizen who entered the United States without inspection in 2021. Doc. No. 1 at 2, 14, 20. Petitioner contends that he has been erroneously categorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b) and that his continued detention without a bond hearing violates his due process rights under the Fifth Amendment.

Petitioner's arguments regarding sections 1225 and 1226 are foreclosed by *Buenrostro-Mendez, supra*. Likewise, his Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

**SO ORDERED.**

SIGNED on this _____23rd_____ day of March 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2